IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

Civil Action No.: _____

JOHN RANDALL SCOTT           )
and KRISTIN SCOTT,           )
          Plaintiffs, )
                             )
v.                           )
                             )
NEWREZ, LLC d/b/a SHELLPOINT )
MORTGAGE SERVICING;          )
JUDGE KEITH P. ELLISON, in his )
personal capacity;           )
MICHAEL F. HORD, JR., ESQ.;  )
DOES 1–10,                   )
          Defendants.  )

**VERIFIED COMPLAINT FOR CONSTITUTIONAL VIOLATIONS, CIVIL RIGHTS DEPRIVATION, AND EMERGENCY INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. This case arises from judicial misconduct and mortgage fraud. Plaintiffs John Randall Scott and Kristin Scott have been attempting to obtain basic loan documentation from Shellpoint Mortgage Servicing, which claims the right to enforce their mortgage.

2. John Scott, diagnosed with Asperger's Syndrome, has made repeated lawful requests for the original note, deed of trust, and assignment chain. Kristin Scott, his wife and co-borrower diagnosed with Tourette's Syndrome, has also been directly impacted.

3. Despite these efforts, Defendants—particularly Judge Keith P. Ellison and Shellpoint's attorney Michael F. Hord, Jr.—obstructed discovery, mischaracterized filings, and imposed unreasonable procedural demands designed to exhaust the Scotts emotionally and financially.

4. This Complaint seeks emergency injunctive relief, declaratory judgment, and redress for constitutional violations including due process deprivation, denial of access to the courts,

ADA violations, fraud upon the court, and conspiracy under color of law.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the case arises under the Constitution and laws of the United States, including claims under 42 U.S.C. §§ 1983, 1985, and 12101 et seq. Jurisdiction is also proper under 28 U.S.C. § 1343, which provides jurisdiction over civil rights claims, and under 28 U.S.C. § 2201 for declaratory relief.

6. This Court also has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this district. Defendant Shellpoint conducts business in this district, and the Plaintiffs reside in Texas and have been directly affected here by the actions and omissions of the Defendants.

## III. PARTIES

8. Plaintiff John Randall Scott is a Texas resident with Asperger's Syndrome. He is a named borrower on the mortgage and has lawfully pursued document production and judicial relief.

9. Plaintiff Kristin Scott is a Texas resident, co-borrower, and diagnosed with Tourette's Syndrome. She is equally subject to the harm inflicted by Defendants.

10. Defendant Shellpoint is a mortgage servicer acting across the U.S. Plaintiffs allege it has engaged in fraudulent foreclosure efforts and has refused to produce essential legal documents.

11. Defendant Judge Keith P. Ellison, sued in his personal capacity, is a federal judge in the Southern District of Texas. He is sued in his personal capacity for acting outside judicial authority and violating constitutional duties.

Case 4:25-cv-02595    Document 1    Filed on 05/27/25 in TXSD    Page 3 of 8

12. Defendant Michael F. Hord, Jr. is the attorney representing Shellpoint. He has obstructed discovery, concealed material facts, and collaborated to deprive Plaintiffs of rights.

13. DOES 1–10 are presently unknown parties involved in the same wrongful acts. Plaintiffs reserve the right to name them as discovery progresses.

### IV. FACTUAL BACKGROUND

14. Plaintiffs sent multiple Qualified Written Requests (QWRs) to Shellpoint.

15. Shellpoint and its attorney ignored these QWRs.

16. Instead, they responded only with a copy of the loan, which Plaintiffs assert is fraudulent.

17. Plaintiffs requested the original wet-ink promissory note.

18. Plaintiffs requested the original deed of trust.

19. Plaintiffs requested all assignments and chain of title documents.

20. Plaintiffs requested evidence of standing.

21. Shellpoint refused to produce the original note.

22. Shellpoint refused to produce the deed of trust.

23. Shellpoint refused to produce the assignments.

24. Shellpoint refused to prove standing.

25. Plaintiffs filed motions in federal court to compel discovery.

26. Plaintiffs specifically requested judicial review and enforcement of discovery.

27. Judge Ellison failed to grant the Motion for Discovery.

28. Instead, Judge Ellison attempted to force Plaintiffs into an unreasonable discovery schedule.

29. Judge Ellison colluded with Shellpoint's attorney to create delay and exhaust Plaintiffs.

30. At the time, Plaintiffs had not disclosed their medical conditions.

31. Judge Ellison was unaware of the Asperger's and Tourette's diagnoses.

PLAINTIFF'S VERIFIED COMPLAINT WITH CIVIL RIGHTS DEPRIVATION AND EIR    | 3 of 18

32. Plaintiffs were unfairly treated despite having legitimate grounds.

33. The court imposed unreasonable expectations.

34. The court dismissed filings without hearing the issues.

35. The discovery request was standard and reasonable.

36. A legitimate mortgage servicer would already have the documents requested.

37. Judge Ellison failed to produce a valid oath of office.

38. Plaintiffs assert any ruling made without a valid oath is void.

39. Plaintiffs suffered emotional distress.

40. Plaintiffs incurred legal expenses.

41. Plaintiffs are under threat of wrongful foreclosure.

42. Plaintiffs assert these were coordinated violations.

## V. CAUSES OF ACTION

### Count I – Violation of Due Process (5th and 14th Amendments)

43. Plaintiffs reallege and incorporate all prior paragraphs as though fully set forth herein.

44. Defendants Shellpoint, Hord, and Judge Ellison deprived Plaintiffs of their constitutionally protected rights to fair process and property by obstructing access to discovery, refusing to adjudicate legitimate jurisdictional issues, and dismissing motions without evidentiary review.

45. These actions constitute a violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

### Count II – Denial of Access to Courts (1st Amendment)

46. Plaintiffs reallege all prior paragraphs.

47. Defendants' actions, including the failure to provide judicial review, the suppression of

material evidence, and collusion between a judge and opposing counsel, obstructed Plaintiffs' right to petition the government and access the courts.

48. Such denial of access violates Plaintiffs' First Amendment rights.

### Count III – Violation of Americans with Disabilities Act (ADA)

49. Plaintiffs reallege all prior paragraphs.

50. Plaintiffs suffer from diagnosed neurological conditions: Asperger's Syndrome and Tourette's Syndrome.

51. Although these conditions were not disclosed during prior proceedings, they are now presented to ensure future accommodations as required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

52. Past proceedings failed to consider Plaintiffs' conditions, contributing to mischaracterizations and harmful assumptions in court.

### Count IV – Civil Conspiracy (42 U.S.C. § 1985)

53. Plaintiffs reallege all prior paragraphs.

54. Defendants Shellpoint, Hord, and Ellison conspired to suppress material evidence, obstruct judicial process, and deprive Plaintiffs of equal protection and access to due process.

55. These coordinated actions were not isolated, but formed a consistent pattern aimed at frustrating Plaintiffs' legal rights and aiding in unlawful foreclosure proceedings.

### Count V – Fraud Upon the Court

56. Plaintiffs reallege all prior paragraphs.

57. Defendant Hord knowingly submitted and relied upon fraudulent mortgage documents and

refused to produce original instruments when challenged.

58. The court permitted these actions without requiring evidentiary proof, leading to decisions that were not grounded in fact or law.

59. The use of false documents and the suppression of valid objections constitute fraud upon the court and require redress.

## Count VI – Bivens Action: Acts Under Color of Law Without Authority

60. Plaintiffs reallege all prior paragraphs.

61. Defendant Judge Keith P. Ellison acted without jurisdiction and without a properly filed oath of office, rendering his rulings null and void under federal statute.

62. These actions, taken under the guise of judicial authority but lacking legal foundation, constitute violations of clearly established rights and support a Bivens claim for damages and injunctive relief.

## Count VII – Civil RICO (18 U.S.C. §§ 1961–1968)

63. Plaintiffs reallege all prior paragraphs.

64. Defendants Shellpoint, Hord, and Judge Ellison engaged in a pattern of racketeering activity through the use of the U.S. mail and interstate wires to further a scheme to defraud Plaintiffs.

65. Predicate acts include mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and obstruction of justice (18 U.S.C. § 1503).

66. These acts were part of an ongoing enterprise involving use of fraudulent documents, concealment of records, and systemic abuse of court procedures.

67. Plaintiffs have suffered financial injury and property loss as a direct result.

68. Plaintiffs seek treble damages, costs, and attorneys' fees pursuant to 18 U.S.C. § 1964(c).

### Count VIII – Conspiracy to Commit Fraud (Common Law)

69. Plaintiffs reallege all prior paragraphs.

70. Defendants knowingly conspired to defraud Plaintiffs through the use of false mortgage documents, concealment of true ownership and standing, and misrepresentation in court filings.

71. Each Defendant acted in concert to support the unlawful seizure or attempted seizure of Plaintiffs' property under false pretenses.

72. Plaintiffs relied on the legal process to protect their rights but were misled and injured by the Defendants' coordinated deception.

73. Plaintiffs seek compensatory and punitive damages for the conspiracy to commit fraud.

## VI. EXHIBITS

Exhibit A – Copy of Plaintiffs' Qualified Written Requests to Shellpoint

Exhibit B – Shellpoint's Inadequate or Non-Responsive Letters

Exhibit C – Plaintiffs' Motion for Discovery filed in prior case

Exhibit D – Court Order showing denial or obstruction of discovery

Exhibit E – Affidavit of John Randall Scott and Kristin Scott

Exhibit F – Foreclosure Notice

Exhibit G – Copy of Public Record Request or Oath of Office issue (re: Judge Ellison)

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court to:

    A. Issue a Temporary Restraining Order and Preliminary Injunction;

    B. Declare that Defendants violated Plaintiffs' constitutional rights;

    C. Compel Shellpoint to produce all mortgage documentation;

    D. Sanction Michael Hord, Jr. for misconduct;

    E. Grant full ADA accommodations in all proceedings;

    F. Award all other appropriate relief. G. Grant leave to amend this Complaint as justice and discovery may require.

Respectfully submitted this 22nd day of May, 2025.

/s/ John Randall (Secured Party Creditor without Prejudice.)
John Randall Scott, Lawful Property Owner, Pro Se All Rights Reserved.
Richmond, Texas 77406

/s/ Kristin Scott (Secured Party Creditor without Prejudice.)
Kristin Scott, Lawful Property Owner, Pro Se All Rights Reserved.
Richmond, Texas 77406

## VERIFICATION

We, John Randall Scott and Kristin Scott, verify under penalty of perjury that the above statements are true and correct to the best of our knowledge.

Respectfully submitted this 22nd day of May, 2025.

/s/ John Randall (Secured Party Creditor without Prejudice.)
John Randall Scott, Lawful Property Owner, Pro Se All Rights Reserved.
Richmond, Texas 77406

/s/ Kristin Scott, (Secured Party Creditor without Prejudice.)
Kristin Scott, Lawful Property Owner, Pro Se all rights Reserved.
Richmond, Texas 77406