United States District Court
Southern District of Texas
**ENTERED**
August 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN RANDALL SCOTT, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-2595 |
| | § | |
| NEWREZ, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by Defendant Newrez, LLC ("Newrez"). The motion (Dkt. 87) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' claims under federal law are **DISMISSED WITH PREJUDICE**. Plaintiffs' claims under Texas state law, including those against defendants other than Newrez, are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367(c).

## I. BACKGROUND

Plaintiffs, John Randall Scott and Kristin Scott ("the Scotts"), have filed five lawsuits in an attempt to either prevent or invalidate the nonjudicial foreclosure sale of their home, which went forward after the undersigned judge denied the Scotts' motion for a preliminary injunction. (Dkt. 28). This lawsuit is the only one remaining. Southern District of Texas case numbers 4:25-CV-2704 and 4:25-CV-3391 have been consolidated into this case. (Dkt. 73). Southern District of Texas case number 4:24-CV-5067 was dismissed without prejudice by Judge Ellison, leading the Scotts to baselessly sue him in this lawsuit. *See* Southern District of Texas case number 4:24-CV-5067 at docket entry 29.

And the Scotts voluntarily dismissed the fifth case, Southern District of Texas case number 4:26-CV-316. *See* Southern District of Texas case number 4:26-CV-316 at docket entry 23.

Having failed to prevent the foreclosure sale, the Scotts now seek its invalidation, along with money damages and attorney's fees. (Dkt. 44 at pp. 20–23). The Court previously dismissed the Scotts' claims against Judge Ellison and Newrez's counsel under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c). (Dkt. 75). The Scotts' remaining claims are against Newrez, which serviced their mortgage; Junior Properties LLC ("Junior Properties"), which bought their home; and the managing members of Junior Properties, Sadiq and Saifuddin Ali ("the Alis"). (Dkt. 44). In their live complaint, the Scotts bring causes of action against Newrez under 42 U.S.C. § 1983 ("Section 1983"); 42 U.S.C. § 1985 ("Section 1985"); the Racketeer Influenced and Corrupt Organizations Act ("RICO"); the Securities Act of 1933 and Securities Exchange Act of 1934 ("federal securities law"); and Texas common law. (Dkt. 44 at pp. 11–16). The Scotts bring causes of action against Junior Properties and the Alis under Texas common law. (Dkt. 44 at pp. 16–17).

Newrez has moved for summary judgment on all claims against it, asserting, among other things, that there is no evidence supporting the Scotts' claims. (Dkt. 87). The Scotts have not responded to Newrez's motion.

## II. THE LEGAL STANDARD

Federal Rule of Civil Procedure 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient

showing of the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id*. at 322–23.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The movant, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co*., 402 F.3d 536, 540 (5th Cir. 2005). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

If the movant meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (quotation marks and footnote omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the

non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co*., 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when both parties have submitted evidence of contradictory facts." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (citation and quotation marks omitted). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the non-movant must present specific facts which show the existence of a genuine issue concerning every essential component of its case. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). In the absence of any proof, the Court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). And Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

## III. <u>ANALYSIS</u>

The Court now turns to the Scotts' claims for relief.

—*Section 1983*

First, the Scotts bring claims under Section 1983, asserting that Newrez violated their rights under the First, Fifth, and Fourteenth Amendments. (Dkt. 44 at pp. 11–12). On this record, the Scotts' Section 1983 claims fail.

"To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Resident Council of Allen Parkway Village v. United States Department of Housing & Urban Development*, 980 F.2d 1043, 1050 (5th Cir. 1993). The Scotts have not pointed to any evidence supporting either element of their claims against Newrez under Section 1983. Accordingly, the Court will dismiss the Scotts' claims under Section 1983 against Newrez.

—*Section 1985*

Next, the Scotts bring claims under Section 1985, asserting that Newrez and its counsel conspired with Judge Ellison "to suppress material evidence, obstruct judicial process, and deprive [them] of equal protection and access to due process." (Dkt. 44 at p. 13). On this record, the Scotts' Section 1985 claims fail.

Section 1985 creates a private civil remedy for conspiracies to interfere with civil rights, including conspiracies to prevent federal officers from performing the duties of their offices by force, intimidation, or threat; conspiracies directed at the right of participation in federal judicial proceedings; conspiracies to deprive any person or class of persons of the equal protection of the laws; and conspiracies aimed at preventing a person from lawfully voting. *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 149 (5th

Cir. 2010). The Scotts have not pointed to any evidence establishing any conspiracy to interfere with their civil rights. Accordingly, the Court will dismiss the Scotts' claims under Section 1985 against Newrez.

—*RICO*

Next, the Scotts bring claims under RICO, asserting that Newrez, Newrez's counsel, and Judge Ellison "engaged in a pattern of racketeering activity through the use of the U.S. mail and interstate wires to further a scheme to defraud [them]." (Dkt. 44 at p. 14). On this record, the Scotts' RICO claims fail.

The Racketeer Influenced and Corrupt Organizations Act makes it illegal for an individual to use the proceeds of racketeering activity in a business that engages in interstate commerce. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 523 (5th Cir. 2016). "To establish a civil-RICO claim, a plaintiff must establish three common elements: (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Id.* at 523–24 (quotation marks omitted). "A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Id.* at 524 (quotation marks omitted). 18 U.S.C. § 1961(1) lists the predicate acts that can constitute racketeering activity. *Nix v. Major League Baseball*, 62 F.4th 920, 931 (5th Cir. 2023); *see also, e.g., Barnum v. Welch*, No. 25-30110, 2025 WL 2978450, at *1 & n.6 (5th Cir. Oct. 22, 2025) (holding that the plaintiff failed to state a viable civil RICO claim when his "allegations—which sound[ed] in medical malpractice,

battery, and racial discrimination—d[id] not implicate any of the crimes listed in the statute").

The Scotts have not pointed to any evidence supporting any element of their civil RICO claims against Newrez. Accordingly, the Court will dismiss the Scotts' civil RICO claims against Newrez.

*—Federal securities law*

The Scotts also bring claims under federal securities law, asserting that Newrez "engaged in material misrepresentations and omissions by continuing to assert collection and foreclosure rights on a debt that was extinguished at the time of securitization." (Dkt. 44 at p. 15). On this record, the Scotts' claims under federal securities law fail.

"In cases involving publicly traded securities and purchases or sales in public securities markets, the action's basic elements are: (1) a material misrepresentation (or omission), (2) scienter, i.e., a wrongful state of mind, (3) a connection with the purchase or sale of a security, (4) reliance, often referred to in cases involving public securities markets (fraud-on-the-market cases) as 'transaction causation'; (5) economic loss; and (6) 'loss causation,' i.e., a causal connection between the material misrepresentation and the loss." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 238–39 (5th Cir. 2009). The Scotts have not pointed to any evidence supporting any element of their claims against Newrez under federal securities law. Accordingly, the Court will dismiss the Scotts' claims against Newrez under federal securities law.

*—Texas common law*

Finally, the Scotts bring claims against all of the remaining defendants, including Newrez, under Texas common law. The Court declines to exercise supplemental jurisdiction over those claims and will dismiss them without prejudice under 28 U.S.C. § 1367(c). *See Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]").

## IV. CONCLUSION

The motion for summary judgment filed by Newrez (Dkt. 87) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' claims under federal law are **DISMISSED WITH PREJUDICE**. Plaintiffs' claims under Texas state law, including those against defendants other than Newrez, are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367(c).

All other pending motions are **DENIED AS MOOT**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas on August 24, 2026.

George C. Hanks Jr

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE